JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: hilary.williams@jacksonlewis.com

*Attorneys for Plaintiff Overhead Door Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OVERHEAD DOOR CORPORATION, an Indiana corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>JARRAD PRIDA, an individual; TSC, INC. d/b/a Torsion Supply Company, a Nevada corporation,<br><br>              Defendants. | Case No.: 3:22-cv-00102-MMD-CSD<br><br>**PLAINTIFF'S:**<br><br>**(1) MOTION TO CONDUCT EARLY, EXPEDITED DISCOVERY; AND,**<br><br>**(2) MOTION TO ESTABLISH EXPEDITED BRIEFING SCHEDULE AND DECISION OF PLAINTIFF'S MOTION TO CONDUCT EARLY, EXPEDITED DISCOVERY** |

Plaintiff Overhead Door Corporation ("Plaintiff", "Overhead Door" or "ODC"), by and through its undersigned counsel, the law firm of Jackson Lewis P.C., hereby submits the instant Motion to Conduct Early Expedited Discovery and requests that the Court establish an expedited briefing schedule and decision of the Motion. This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Joshua A. Sliker, Esq. attached hereto, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff respectfully requests that the Court enter an order authorizing it to engage in limited expedited early discovery to prepare for the anticipated hearing on the preliminary injunction

portion of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) pursuant to FRCP 26(d)(1). While the Court has not yet scheduled a hearing on the preliminary injunction portion of Plaintiff's Motion, Plaintiff anticipates that the Court will do so. *Id.* Thus, Plaintiff requests specific authority to commence document and testimonial discovery immediately, and to shorten the time for response to such discovery otherwise specified by the Federal Rules of Civil Procedure. In addition, Plaintiff requests that the Court shorten the time for briefing and decision of the instant Motion.[1]

## II.     STATEMENT OF FACTS

### A.  Background.

As detailed in the Plaintiff's Complaint (ECF No. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 3 and 4), this case involves the misappropriation of Plaintiff's confidential information and trade secrets by Plaintiff's former Director of Sales and Operations, Jarrad Prida, for the purpose of establishing a competing business, TSC, Inc., in violation of his confidentiality and non-compete agreements. Specifically, Prida (1) improperly used ODC's corporate resources to test and analyze the quality of torsion springs manufactured by third-party supplier, CMI Springs, with whom ODC had never (and to date, has not) done business with in order to purchase those springs for his competing business (TSC) to sell to customers; (2) misappropriated ODC's customer list for the purpose of soliciting those customers in his new, competing business (TSC); (3) improperly and without authorization accessed and copied to a USB drive hundreds of files containing ODC's confidential information and trade secrets *after* he resigned his employment with ODC; (4) kept his ODC-issued laptop for nearly a month after he resigned despite multiple requests from ODC to return it; and (5) falsely claimed to ODC that he did not have the laptop only for ODC to later discover that minutes after he made that claim, he deleted over 750 ODC files from the laptop in an attempt to cover up the files he accessed and copied. Prida has not returned any files or data to ODC, remains in possession of ODC's customer

---

[1] Defendants have not yet been served pursuant to FRCP 4 with the Summons and Complaint. Service efforts are currently underway. However, Plaintiff has provided notice to Defendants via email to jarrad.prida@gmail.com (the personal email address Prida reported to ODC during his employment) of the pending Motion for Temporary Restraining Order and Preliminary Injunction, and will also provide Defendants with notice and copy of the instant motion via email contemporaneous with filing.

list and hundreds of its files containing confidential information and trade secrets, and is actively competing with ODC by selling torsion springs through TSC.

**B. Discovery Requested.**

Plaintiff seeks to conduct the following limited discovery to prepare for the anticipated hearing on its Motion for Preliminary Injunction:

1. <u>Deposition of Prida and a FRCP 30(b)(6) witness of TSC</u>

   Plaintiff anticipates deposing Prida and a FRCP 30(b)(6) witness of TSC regarding following subject areas and requests that the depositions be completed within 14 days following the Court's order granting expedited discovery or five days in advance of the hearing on preliminary injunction, whichever comes first:

   a. Prida's establishment of TSC and the nature of TSC's business and facts surrounding its entry into the marketplace.

   b. The nature of and details regarding Prida's employment and/or relationship with TSC including facts concerning his recruitment and hiring, position, job duties, responsibilities, compensation, and any employment-related agreements.

   c. Defendants' acquisition, disclosure, use, possession, or receipt of, or attempt or plan to do any of the foregoing, Plaintiff's property, confidential information or trade secrets.

   d. Defendants' communications and dealings with Plaintiff's customers and prospective customers, and any plans or efforts to disrupt, solicit, or interfere with such relationships.

   e. Defendants' communications and dealings with CMI Springs.

*See eHealthinsurance Servs. v. Healthpilot Techs. LLC*, No. 21-cv-4061-YGR, 2021 U.S. Dist. LEXIS 135291, at *9 (N.D. Cal. July 20, 2021) (ordering defendants to submit to depositions within 14 days of court's order in advance of preliminary injunction hearing).

2. <u>FRCP 34 Requests for Production of Documents / Inspection to All Defendants</u> –

   Plaintiff requests that Defendants' responses to the following requests be due not later than seven (7) days after the Court's Order granting expedited discovery. *See eHealthinsurance Servs.*, 2021 U.S. Dist. LEXIS 135291, at *9 (ordering responses to requests for production during early discovery be served within seven days).

   a. Produce copies of all TSC personnel files of Jarrad Prida

b.  Produce copies of all documents and communications regarding the employment or prospective employment of Jarrad Prida with TSC.

c.  Produce copies of all documents and communications with, about or regarding ODC's customers listed on pages 6-7 in Exhibit 9 to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 3-14, 4-14) from July 1, 2021 up through the present.

d.  Produce copies of all documents and communications with, about or regarding CMI Springs from July 1, 2021 up through the present.

3.  FRCP 34 Requests for Inspection to All Defendants –

a.  Produce:

i.  All electronic devices (including, but not limited to, flash drives, removable hard drives, tablets, computers, iPhone or android devices, discs, iPads, and the like) that are or were used by Defendants to access, download, copy or store ODC's customer lists or information, or any of the files and/or folders set forth on Exhibits 15 and 16 to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 3-20, 3-21, 4-20, 4-21).

ii.  A complete copy of the contents of Prida's email account (jarrad.prida@gmail.com) from July 1, 2017 up through the present.

b.  Plaintiff requests that the Court's order regarding the expedited discovery sought in 3(a)(i)-(ii) above contain the following provisions which are designed to protect Defendants' interests:

i.  Defendants are ordered to, within 24 hours of notice to the Defendants or their counsel of the terms of this Order, communicate with Plaintiff's counsel and reach agreement with Plaintiff on the selection of a neutral computer forensics expert to image and conduct forensic examination of the devices describe herein.

ii.  The Parties shall then jointly engage the agreed upon neutral forensic expert, and the Parties shall split the costs of this forensic examination.

iii.  Within 24 hours of the Parties' selection of a neutral forensic expert, Defendants shall deliver to said expert the devices and data set forth in 3(a)(i)-(ii) above so that such devices and data can be forensically imaged and examined by the neutral expert.

iv.  The neutral expert shall first forensically image all the devices delivered by the Defendants for preservation purposes.

v. The Parties shall, within three (3) days of selecting the neutral expert, agree on a reasonable forensic examination protocol to be followed by the neutral expert in examining these devices to determine whether any of ODC's information is located on these devices or whether the devices were used to transfer or copy any such data from or to other locations.[2] This forensic examination shall be completed, and the results shared by the neutral expert with all Parties within 10 days of the effective date of this Order and before the preliminary injunction hearing and Defendants' depositions.

### III.  LEGAL ARGUMENT

**A. Standard for Early Discovery.**

Generally, discovery does not commence until after the Rule 26(f) conference. FRCP 26(f). However, the court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery. FRCP 26(b)(2) and 26(d). Indeed, "upon a showing of good cause, courts may permit expedited discovery before the Rule 26(f) conference." *Sokolowski v. Adelson*, No. 2:14-cv-0111-JCM-NJK, 2014 U.S. Dist. LEXIS 196331, at *5 (D. Nev. Jan. 30, 2014) (citations omitted). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

The good cause standard may be satisfied when a party seeks a preliminary injunction. *AssuredPartners of Nev., LLC v. L/P Ins. Servs., LLC*, No. 3:21-cv-00433-RCJ-CLB, 2021 U.S. Dist. LEXIS 203055, at *4 (D. Nev. Oct. 21, 2021). "[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances . . . ." *Sokolowski*, 2014 U.S. Dist. LEXIS 196331, at *5-6 (quoting *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066 (internal citations omitted)).

In determining whether there is good cause to justify expedited discovery, some judges in this district have considered "the following factors: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited

---

[2] In the protocol, Plaintiff anticipates that the parties will agree on the search parameters/terms to be used, a mechanism for Defendants to review search results before they are produced to Plaintiff, for Defendants to withhold production of any privileged materials.

discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Sokolowski*, 2014 U.S. Dist. LEXIS 196331, at *5. Other judges perform a more generalized analysis, such as merely "evaluating the reasonableness of the request in light of all the surrounding circumstances." *Snow Covered Capital, LLC v. Weidner*, No. 2:19-cv-00595-JAD-NJK, 2019 U.S. Dist. LEXIS 107557, at *2 (D. Nev. June 26, 2019). However, at least one court in this District has noted "that there is no binding precedent establishing specific factors that must be analyzed before expedited discovery can be ordered." *Carranza v. Koehn*, 2:20-cv-01586-GMN-DJA, 2021 U.S. Dist. LEXIS 183165, at *1 (D. Nev. Sep. 23, 2021). Courts have "wide discretion" in determining whether the circumstances justify expedited discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

**B.  A Preliminary Injunction is Pending.**

Plaintiff satisfies the first prong of the analysis as its Motion for Temporary Restraining Order and Preliminary Injunction is currently pending before the Court. ECF No. 4.

**C.  The Breadth and Purpose of the Requested Discovery is Limited.**

Courts have found good cause when a plaintiff establishes a reasonable basis to justify early expedited discovery. Indeed, "[t]he good cause standard may be satisfied where a party seeks a preliminary injunction." *Sokolowski*, 2014 U.S. Dist. LEXIS 196331, at *5 (quoting *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *see also El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) ("Expedited discovery [is] appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction."). The good cause standard may also be satisfied where "the moving party has asserted claims of infringement and unfair competition." *See, e.g., Qwest Communs. Int'l, Inc.*, 213 F.R.D. at 419; *Nobelbiz*, 2014 U.S. Dist. LEXIS 54432, at *3 (granting expedited discovery and noting that the plaintiff "has proffered facts that provide a reasonable basis to believe that Defendant accessed, subsequent to his resignation, a laptop computer and a number of confidential reports and files belonging to" the plaintiff).

Here, at this stage, Plaintiff seeks only limited discovery—consisting of two depositions of Prida and the FRCP 30(b)(6) witness of TSC with five narrowly tailored topics; the production of documents specific to Prida's employment/relationship with TSC; the production of communications and documents regarding Defendants' contact and dealings with Plaintiff's customers; and the limited production of Prida's electronic devices and data for the purpose of forensic imaging, inspection and analysis to determine whether any contain Plaintiff's confidential information and/or trade secrets.[3] *See AssuredPartners of Nev., LLC*, 2021 U.S. Dist. LEXIS 203055, at *2 (noting that the court allowed plaintiff to conduct early discovery prior to preliminary injunction hearing including depositions of five former employee defendants).

Plaintiff's discovery requests are narrowly tailored to obtain information relevant to the preliminary injunction portion of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. *See, e.g.*, *Synopsys*, 2019 U.S. Dist. LEXIS 68935, at *7 (granting expedited discovery when the plaintiff has established that there is a direct link between the discovery requested and the plaintiff's allegations); *Nobelbiz, Inc. v. Wesson*, No. 14cv0832 W (JLB), 2014 U.S. Dist. LEXIS 54432, at *3 (S.D. Cal. Apr. 18, 2014) (granting expedited discovery when the plaintiff "has proffered facts that provide a reasonable basis to believe that [the d]efendant" engaged in behavior that is the subject of the suit); *Apple, Inc. v. Samsung Electronics Co.*, Case No. 11-CV-01846-LHK, 2011 U.S. Dist. LEXIS 53233, at *5 (N.D. Cal. May 18, 2011) (finding good cause for expedited discovery in part because the purpose was "to prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm associated with a loss of market share and consumer good will").

---

[3] In addition, a delay in seeking this information in the standard timeframe for discovery (i.e., after the FRC P26(f) conference which is at least several weeks away) could cause this evidence to be altered or destroyed, even inadvertently. *See Veeder-Root Fuelquest LLC v. Wisdom*, No. 2:21-cv-00352-RAJ, 2021 U.S. Dist. LEXIS 63091, at *12 (W.D. Wash. Mar. 31, 2021) ("Plaintiff's concerns about the loss or destruction of confidential, proprietary, or trade secret information are valid.") (citing *Caston v. Hoaglin*, No. 2:08-CV-200, 2009 U.S. Dist. LEXIS 49591, at *7-8 (S.D. Ohio June 12, 2009) ("Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time.")). **This concern is even more heightened given that Prida falsely claimed he did not have his work laptop when asked by ODC to return it and then minutes later deleted over 750 ODC files from it before finally returning it to ODC.** *See* Chambless Declaration, ECF No. 4-4; Holpuch Declaration, ¶ 4-5. Prida's conduct has frustrated ODC's investigation of his conduct.

For example, the deposition topics are limited to issues relevant for the anticipated preliminary injunction hearing including the relationship between the Defendants, what business TSC is currently conducting and the extent that it is competitive with ODC, the extent that Defendants are in possession of or otherwise have used Plaintiff's confidential information and trade secrets, and the extent of Defendants' dealings with Plaintiff's customers. There are all issues that are related to whether Defendants are misappropriating Plaintiff's confidential information and trade secrets and competing with Plaintiff in violation of the law and Prida's confidentiality and non-compete agreements with ODC, and thus, directly bear upon whether the Court should issue a preliminary injunction.

Further, the document requests regarding Prida's employment and/or relationship with TSC are properly limited to allow Plaintiff and the Court to understand circumstances of his hiring or involvement with TSC, the nature of his duties, and the extent that Plaintiff's confidential information and/or trade secrets is implicated and being used in the course of that relationship. In addition, the document requests regarding communications with certain of Plaintiff's customers during a discrete period of time are properly limited so as to determine the nature of Defendants' interactions with the customers, the extent that Prida is competing with ODC and/or soliciting ODC's customers in violation of his non-compete and non-solicitation covenants, and whether Defendants' misappropriation of Plaintiff's confidential information and trade secrets is involved in soliciting Plaintiff's customers. Finally, the requests for forensic inspection, copying and analysis of Prida's electronic devices and email data is appropriately limited by the date Prida started communicating with CMI Springs (which appears to be the genesis of his plan to form TSC and compete with Plaintiff). Thus, the scope of Plaintiff's requested discovery is necessary "to quickly uncover the full extent of Defendant's conduct." *See SGII, Inc. v. Soda Chanda Suon*, No. SA CV 21-01168-DOC-(JDEx), 2021 U.S. Dist. LEXIS 128754, at *3 (C.D. Cal. July 10, 2021) (In a misappropriation of trade secrets case, the court granted plaintiff's request because "expedited discovery is warranted to quickly uncover the full extent of Defendant's conduct.")); *Pyro Spectaculars N., Inc. v. Souza*, 861 F. Supp. 2d 1079, 1086 (E.D. Cal. 2012) (allowing expedited

discovery that included forensic computer examinations and depositions prior to preliminary injunction).

This case is similar to *Miloedu, Inc. v. James*, No. 21-cv-09261-JST, 2021 U.S. Dist. LEXIS 245092, at *12 (N.D. Cal. Dec. 23, 2021). There, the defendant former employee copied information from the plaintiff-former employer before the end of his employment. The court granted the plaintiff's request for expedited discovery, including depositions of the defendants and subpoenas to third parties, because "[q]uickly determining what information Defendant removed from Plaintiff, and whether and how Plaintiff's information is being used by Plaintiff's competitors is essential in order to minimize any harm to Plaintiff's competitive position." *Id.* (quoting *Comet Techs. USA Inc. v. Beuerman*, No. 18-CV-01441-LHK, 2018 U.S. Dist. LEXIS 224356, at *20 (N.D. Cal. Mar. 15, 2018)).

Nonetheless, if the Court determines one or more of Plaintiff's discovery requests is overbroad, "the court may save an otherwise impermissibly overbroad or burdensome expedited discovery request by excising the offending aspects of the discovery request." *See, e.g., AssuredPartners of Nev., LLC* 2021 U.S. Dist. LEXIS 203055, at *6 (citing *Roadrunner Intermodal Servs. v. T.G.S. Transp., Inc.*, No. 17-cv-01056-DAD-BAM, 2017 U.S. Dist. LEXIS 141301, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017) (limiting scope of requested discovery that was not sufficiently tailored)).

Accordingly, these factors weigh in favor of expedited discovery.

**D. The Burden on Defendants to Comply with the Requests is not Substantial.**

When discovery requests are "appropriately restrained in breadth and scope," courts have determined that compliance would not be unduly burdensome. *See Nobelbiz*, 2014 U.S. Dist. LEXIS 54432, at *3; *Synopsys*, 2019 U.S. Dist. LEXIS 68935, at *7 (determining that the burden on the defendant is minimal when the plaintiff's discovery requests involved access to the defendant's computers).

Here, as explained above, Plaintiff's discovery requests are narrowly tailored and intended to acquire information relevant to a preliminary injunction determination. The burden on the individual Defendants to prepare for their depositions is minimal because the topics are limited. In

other words, Defendants are not placed in the position of having to prepare for a freewheeling deposition about each and every aspect of the case with only days to prepare. Further, the burden on Defendants to respond to the requests for documents is also minimal as the number of requests are not numerous, and they seek information that should be readily identifiable by Defendants—personnel files, communications regarding the employment/relationship of Prida with TSC, and documents and communications with a defined list of Plaintiff's customers. Further, Defendants' burden regarding the forensic examination, inspection and analysis is also minimal. Defendants need only produce the subject devices to the neutral third-party examiner who will image the devices and conduct any necessary inspection. Similarly, Prida need only produce the data for his email account to the neutral third-party examiner for a limited period of time (or alternatively, appropriate credentials to allow the examiner to access and download the data from the email account). Defendants are not required to sift through years of data to determine what is or is not relevant. Rather, the scope is limited to approximately seven months and any "sifting" will be done by the examiner pursuant to the parties' agreed-upon forensic examination protocol.

Thus, any burden to Defendants in complying with Plaintiff's early expedited discovery requests is minimal. However, even if the burden on Defendants was more than minimal, it does not outweigh the prejudice to Plaintiff as "the lack of discovery in this action is more prejudicial to Plaintiff than Defendant[s] since Plaintiff bears the burden of proof on its motion for a preliminary injunction." *Cool Runnings Int'l, Inc. v. Gonzalez*, No. 1:21-cv-974-DAD-HBK, 2021 U.S. Dist. LEXIS 147297, at *5-6 (E.D. Cal. Aug. 5, 2021).

Therefore, this factor weighs in favor of expedited discovery.

**E.  Plaintiff's Request is at the Commencement of the Case.**

The litigation is still in its beginning stages, and this request for early expedited discovery is being made in advance of the typical discovery process. However, as discussed above, courts have permitted expedited discovery prior to a Rule 26(f) conference and specifically in conjunction with a motion for preliminary injunction. *See NobelBiz*, 2014 U.S. Dist. LEXIS 54432, at *1; *Sokolowski*, 2014 U.S. Dist. LEXIS 196331, at *5.

1    Accordingly, this factor weighs in favor of expedited discovery.[4]

2                    **IV.    CONCLUSION**

3    Plaintiff respectfully requests the Court grant its Motion to Conduct Early Expedited

4 Discovery and permit Plaintiff to immediately commence document and testimonial discovery, as

5 described above, and to shorten the time for response to such discovery. As this Motion is made in

6 aid of the anticipated preliminary injunction hearing, time is of the essence.

7    DATED this 23rd day of February, 2022.

8                                   JACKSON LEWIS, P.C.

9

10                                  */s/ Joshua A. Sliker*

11                                  JOSHUA A. SLIKER, ESQ.
                                    Nevada Bar No. 12493
12                                  HILARY A. WILLIAMS, ESQ.
                                    Nevada Bar No. 14645
13                                  300 S. Fourth Street, Ste. 900
                                    Las Vegas, Nevada 89101

14                                  *Attorneys for Plaintiff*
                                    *Overhead Door Corporation*

15

16

17

18

19

20

21

22

23

24

25

26

27

28    [4] At worst, this factor is merely neutral. *See Synopsys, Inc. v. Innogrit, Corp.*, 2019 U.S. Dist. LEXIS 68935, at *8.