JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: hilary.williams@jacksonlewis.com

*Attorneys for Plaintiff*
*Overhead Door Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OVERHEAD DOOR CORPORATION, an Indiana corporation,<br><br>         Plaintiff,<br>vs.<br><br>JARRAD PRIDA, an individual; TSC, INC. d/b/a Torsion Supply Company, a Nevada corporation,<br><br>         Defendants. | Case No.: 3:22-cv-00102-MMD-CLB<br><br>**STIPULATION AND ORDER FOR PERMANENT INJUNCTION AND DISMISSAL** |

Plaintiff Overhead Door Corporation ("Plaintiff" or "ODC"), by and through its counsel Jackson Lewis P.C., and Defendants Jarrad Prida ("Prida") and TSC, Inc. d/b/a Torsion Supply Company ("TSC") (together, "Defendants"), by and through their counsel Robison, Sharp, Sullivan & Brust, hereby stipulate and agree to this Court's entry of a permanent injunction and dismissal of their respective claims as set forth in this Stipulation and Order for Permanent Injunction and Dismissal (the "Order"). The Parties further waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure, waive the right to appeal this Order, and agree to be bound by its terms, as follows:

1. The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, and the Federal Defend Trade Secrets Act (18 U.S.C. § 1836). The Court has supplemental jurisdiction over ODC's pendent state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims in the suit within the Court's original jurisdiction that they are part of the same case or controversy. The Court has personal jurisdiction over Prida because he is a citizen and

1. resident of the State of Nevada and regularly conducts business in Nevada. The Court has personal jurisdiction over TSC because it is a Nevada corporation with its principal place of business in Nevada.

2. Venue for this action is proper pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in the judicial district for the United States District Court for the District of Nevada.

3. All substantive and procedural prerequisites to entry of this Stipulated Permanent Injunction, as well as its enforceability under and/or compliance with the Federal Rules of Civil Procedure, including Rule 65 of the Federal Rules of Civil Procedure, have been met and/or are hereby waived by the Parties.

4. On February 22, 2022, Plaintiff filed a Complaint and Request for Injunctive Relief alleging claims for: (i) trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1831 et seq. against Defendants; (ii) trade secret misappropriation under the Nevada Uniform Trade Secrets Act, NRS § 600A.010 et seq. against Defendants; (iii) breach of contract against Defendant Prida; (iv) breach of the covenant of good faith and fair dealing against Defendant Prida; (v) breach of the fiduciary duty of loyalty against Defendant Prida; (vi) unjust enrichment against Defendants; and (vii) tortious/intentional interference with contractual relationships against Defendant TSC. ECF No. 1.

5. Additionally, on February 22, 2022, Plaintiff filed a Motion for Temporary Restraining Order (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 4).

6. On February 23, 2022, Plaintiff filed a Motion to Conduct Early, Expedited Discovery in support to fits Motion for Preliminary Injunction (ECF No. 8), and Motion to Establish Expedited Briefing Schedule and Decision of the Motion (ECF No. 9).

7. Subsequently, the Court issued an order on February 23, 2022 directing that Defendants would have up to 10 days from service of Plaintiff's Motion for Temporary Restraining Order to file a response and that Plaintiff would have up to 5 days thereafter to file a reply. ECF No. 10.

8. Plaintiff served Defendants with the Court's Order (ECF No. 10) and Motion for

Temporary Restraining Order on February 23, 2022. ECF No. 11.

9. Defendants were served pursuant to FRCP 4 with the Summons and Complaint, and other filings, on February 27, 2022. ECF No. 16.

10. Counsel for Defendants entered a Notice of Appearance on March 1, 2022. ECF Nos. 14 and 15.

11. On March 4, 2022, the Parties entered into a stipulation extending the time for Defendants to file their response to Plaintiff's Motion for Temporary Restraining Order to March 14, 2022, and for Plaintiff to file its reply in support to five (5) days thereafter. ECF No. 17. The Court granted the stipulation the same day. ECF No. 18.

12. On March 8, 2022, Defendants filed their Answer to Plaintiff's Complaint. ECF No. 19.

13. On March 11, 2022, the Parties entered into a stipulated Temporary Restraining Order. ECF Nos. 21 and 26.

14. On July 7, 2022, the Parties reached a settlement of this matter following participation in a settlement conference with Magistrate Judge Robert McQuaid. As part of the settlement, the Parties have agreed to enter into a Stipulated Permanent Injunction on the terms and conditions set forth below.

15. Based on the stipulation of the Parties, the Court finds that the elements for permanent injunctive relief have been met and that this Order should be GRANTED and ENTERED.

16. Accordingly, the Court HEREBY ORDERS, ADJUDGES, and DECREES as follows:

    a. Defendants, and those persons set forth in FRCP 65(d)(2), are ENJOINED from misappropriating ODC's confidential information and trade secrets, including any further possession, disclosure, or use of such information in accordance with Paragraph 7 of the Settlement Agreement and Release of All Claims (the "Settlement Agreement") between the Parties dated July 7, 2022. Such confidential information and trade secrets include, but are not limited to, the

definitions of "Trade Secrets" and "Confidential Information" set forth in the Settlement Agreement.

b. Defendants, and those persons set forth in FRCP 65(d)(2), are ENJOINED from competing with ODC, whether as an employee, consultant, owner, officer, director, partner or otherwise, either on behalf of themselves or any other person, firm, partnership, corporation, company, organization, association, or business entity in accordance with Paragraph 8 of the Settlement Agreement. For the avoidance of doubt, but not by way of limitation, Defendants agree that Prida's ownership of, relationship with and activities on behalf of Defendant TSC are competitive with ODC.

c. Defendants, and those persons set forth in FRCP 65(d)(2), are ENJOINED from soliciting, diverting or otherwise interfering with ODC's relationships with its current and/or potential customers in accordance with Paragraph 8 of the Settlement Agreement.

d. Defendants, and those persons set forth in FRCP 65(d)(2), are ENJOINED from soliciting, diverting or otherwise interfering with ODC's relationships with its employees in accordance with Paragraph 8 of the Settlement Agreement.

e. Within seven (7) days of entry of this Stipulated Permanent Injunction by the Court, Defendants are ORDERED to permanently delete and purge all ODC trade secrets and Confidential Information in their possession, custody and control, including, but not limited to, all information and data Prida obtained from ODC during and after his employment with ODC and the ODC files identified in Defendants' documents disclosures at bates numbers TSC000002-TSC000167. Defendants shall provide an affidavit certifying such deletion within seven (7) days of the Effective Date. Moreover, Defendants shall return all ODC property in their possession, custody and control within seven (7) days of the Effective Date.

17. With regard to the dismissal of this action, IT IS FURTHER ORDERED that all

claims asserted in this action for any form of relief are dismissed with prejudice, each party to bear their own fees and costs.

18. IT IS FURTHER ORDERED that, unless otherwise noted herein, the terms of the Permanent Injunct set forth in this Order shall remain in force until 11:59 p.m. Pacific Time on February 22, 2024.

19. IT IS FURTHER ORDERED that the expiration of the Permanent Injunction shall not effect or impair the validity or enforceability of the Settlement Agreement or any exhibits or attachments thereto.

20. IT IS FURTHER ORDERED that because this Order is agreed by the Parties, this Order shall be effective immediately without the need for Plaintiff to post any bond or security.

21. The Clerk of Court is directed to CLOSE THIS CASE.

Dated this 20th day of September, 2022.

JACKSON LEWIS P.C.

/s/ Joshua A. Sliker
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Plaintiffs*

ROBISON, SHARP, SULLIVAN & BRUST

/s/ Michael E. Sullivan
MICHAEL E. SULLIVAN, ESQ.
Nevada Bar No. 5142
HANNAH E. WINSTON, ESQ.
Nevada Bar No. 14520
71 Washington Street
Reno, Nevada 89503

*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED:

United States District Court Judge

Dated: September 20, 2022